1  Daniel J. Mulligan (SBN 103129)
   dan@jmglawoffices.com
2  **JENKINS MULLIGAN & GABRIEL LLP**
3  10085 Carroll Canyon Road, Ste. 210
   San Diego, CA 92131
4  Tel.: 415.982.8500
   Fax: 415.982.8515
5
   Eric Andrew Mercer (SBN 248707)
6  mercerlegal@me.com
   **LAW OFFICE OF ERIC ANDREW**
7  **MERCER**
   770 L Street, Ste. 950
8  Sacramento, CA 95814
   Tel.: 916.361.6022
9  Fax: 916.361.6023

10 *Attorneys for Plaintiff*
   **FLINT W. MURFITT,** and the putative
11 class

12 Laura A. Stoll (SBN 255023)
   lstoll@goodwinprocter.com
13 **GOODWIN PROCTER LLP**
   601 S. Figueroa Street, 42nd Floor
14 Los Angeles, CA 90017
   Tel.: 213.426.2500
15 Fax: 213.623.1673

16 *Attorneys for Defendant*
   **BANK OF AMERICA, N.A.**
17

18              **UNITED STATES DISTRICT COURT**
19              **CENTRAL DISTRICT OF CALIFORNIA**
                      **RIVERSIDE DIVISION**
20

| | |
|---|---|
| FLINT W. MURFITT, individually, on behalf of all others similarly situated, and on behalf of the general public;<br><br>Plaintiff,<br><br>v.<br><br>BANK OF AMERICA, N.A.; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 5:13-cv-01182-JGB (SPx)<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>Courtroom: 3 or 4<br>Judge: Hon. Jesus G. Bernal<br>Magistrate Judge: Hon. Sheri Pym<br><br>**DISCOVERY MATTER** |

## 1. PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve the production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, Plaintiff Flint W. Murfitt and Defendant Bank of America, N.A. (collectively, the "Parties", each individually a "Party") hereby stipulate to and petition the Court to enter the following Stipulated Protective Order ("Protective Order" or "Order") in the above-captioned action (the "Action"). The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

Documents and information so designated may only be disclosed or used as further provided herein. Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby stipulated and agreed by and between all Parties to this Action, through their respective counsel and subject to the approval of this Court, that this Protective Order be entered in this Action.

## 2. DEFINITIONS

**2.1  Challenging Party:** a Party or Non-Party that challenges the designation of information or items under this Order.

**2.2  "CONFIDENTIAL" Information or Items, or Confidential Information:** any material (including, but not limited to, exhibits; documents and things produced by any Party or witness; answers to interrogatories; responses to requests for admissions; responses to requests for production; declarations; affidavits; deposition testimony or transcripts, including the information contained therein whether in note or summary form, that constitutes:

   (a)   a trade secret in accordance with the Uniform Trade Secrets Act;

  (b) non-public communications with regulators or other governmental bodies that are protected from disclosure by statute or regulation;

  (c) information, materials, and/or other documents reflecting non-public business or financial strategies, and/or confidential competitive information which, if disclosures, would result in competitive harm to the Designating Party;

  (d) information subject to federal or California privacy rights;

  (e) individual personal information that is protected from disclosure under state or federal law, including identifying personal financial information, about any Party, and employee of any Party, or any third party;

  (f) borrower specific and/or credit applicant specific information, including private consumer information that contains identifying contact or private financial information provided by a consumer to a financial institution resulting from any transaction with the consumer or any service performed for the consumer, or otherwise obtained by the financial institution, including any list, description, or other grouping of consumers (and publicly available information pertaining to them) that is derived using any nonpublic personal information, including any "nonpublic personal information" such as that identified by the Gramm-Leach-Bliley Act, 15 U.S.C. § 6801 et seq.; and

  (g) information regarding any individual's banking or lending relationships, including, without limitation, information regarding the individual's mortgage or credit history.

 **2.3** **Counsel (without qualifier):** Outside Counsel of Record and House Counsel (as well as their support staff).

 **2.4** **Designating Party:** a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

 **2.5** **Disclosure or Discovery Material:** all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including,

among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter, including but not limited to answers to interrogatories, responses to requests for production, responses to requests for admission, deposition and exhibits, and transcripts of depositions and hearings (or portions of such transcripts).

**2.6** **Expert:** a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this Action. This definition includes a professional jury or trial consultant retained in connection with this litigation.

**2.7** **House Counsel:** attorneys who are employees of a Party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

**2.8** **Non-Party:** any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action.

**2.9** **Outside Counsel of Record:** attorneys who are not employees of a Party to this Action but are retained to represent or advise a Party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

**2.10** **Party:** any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

**2.11** **Producing Party:** a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

**2.12** **Professional Vendors:** persons or entities that provide litigation support services (*e.g.*, photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.13 **Protected Material:** any Disclosure or Discovery Material that is designated as "CONFIDENTIAL"

2.14 **Receiving Party:** a Party and his, her or its Counsel of Record in this litigation that receives Disclosure or Discovery Material from a Producing Party.

## 3. SCOPE

The protections conferred by this Protective Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Protective Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

## 4. DURATION

Absent written agreement of the Designating Party that Protected Material (or specific portions thereof) need not be maintained as such under the terms of this Order or an order of this Court, the confidentiality obligations imposed by this Order shall remain in effect even after final disposition of this litigation. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; or (2) final judgment herein after the completion and exhaustion

of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

## 5. DESIGNATING PROTECTED MATERIAL

**5.1** **Exercise of Restraint and Care in Designating Material for Protection.** Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

**5.2** **Manner and Timing of Designations.** Except as otherwise provided in this Order (*see*, *e.g.*, second paragraph of Section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced. Nothing in this Order concerning designation for protection, however, shall be interpreted as controlling the form of production of any material by any Designating Party.

1    Designation in conformity with this Order requires:

2    (a)    for information in documentary form (*e.g.*, paper or electronic documents, but excluding transcripts of depositions or other pretrial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" to each page that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed Protected Material.  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order.  Then, before producing the specified documents, the Producing Party must affix the legend "CONFIDENTIAL" to each page that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins);

(b)    a Producing Party may designate all or part of a deposition as containing Confidential Information by so indicating on the record during such deposition, in which case the court reporter shall be directed to separately bind the portion of the transcript and to clearly mark the front of the separately bound volume with the designation "CONFIDENTIAL."  During any deposition that includes testimony concerning Confidential Information, any and all individuals who are not entitled access to said information under the terms of the Protective Order may be excluded from that portion of the deposition.  In any event, all deposition transcripts shall be treated as Confidential Information for up to and including thirty (30) days

after receipt of the transcript, within which time counsel for any Party may designate a portion or all of the transcript as Confidential Information in writing to all counsel;" and

    (c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL."  If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

  **5.3** **Inadvertent Failures to Designate.**  If any "CONFIDENTIAL" information or items are inadvertently provided to a discovering party without being marked appropriately as Protected Material in accordance with this Order, the Producing Party may thereafter designate such material(s) as "CONFIDENTIAL" and the initial failure to so mark the material shall not be deemed a waiver of its confidentiality.  Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

**6.** **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

  **6.1** **Timing of Challenges.**  Any Party or Non-Party may challenge a designation of confidentiality at any time.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

  **6.2** **Meet and Confer.**  The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge.  To avoid ambiguity as to whether a

challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific Section of the Protective Order.  The Parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within fourteen (14) days of the date of service of notice.  In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  The Designating Party will have 7 days to respond in writing.  A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

**6.3** **Judicial Intervention.**  The Parties shall attempt to further resolve any such dispute pursuant to the procedure set forth in Local Rule 37-1.  If the Parties cannot resolve a dispute, the Producing Party will bear the burden of filing any motion with the Court, within 14 days of the conclusion of the Local Rule 37-1 conference(s).  Pending resolution by the Parties or by the Court regarding a dispute over a confidentiality designation, the Confidential Information will continue to be treated as such.  The burden to demonstrate the propriety of any Confidential designation shall be on the Party making such designation.

**7.** **ACCESS TO AND USE OF PROTECTED MATERIAL**

**7.1** **Basic Principles.** A Receiving Party shall use Protected Material only for purposes of this Action.  A Receiving Party shall not use Confidential Information for any other litigation, or for any business or other purpose whatsoever, including, without limitation, (a) in connection with any other present or future disputes, proceedings or litigation (including, without limitation, any lawsuit against Bank of

America, N.A. or Bank of America Corporation (or any of its current or former affiliated entities under Bank of America corporation); (b) to prosecute, amend and/or conduct discovery in any other present or future litigation or lawsuit against Bank of America, N.A. or Bank of America Corporation (or any of its current or former affiliated entities under Bank of America Corporation) involving any of Plaintiff's counsel or their respective firms; and/or (c) to contact absent class members absent a Court order permitting such contact, or until a class is certified. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, as defined in Section 4, a Receiving Party must comply with the provisions of Section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

**7.2** **Disclosure of "CONFIDENTIAL" Information or Items**. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Parties and their current and former officers, directors, in-house counsel and employees deemed necessary to aid counsel in the conduct of the above-captioned Action;

(b) the Receiving Party's Outside Counsel of Record in this Action, and employees of their respective firms;

(c) a deponent or witness who is a Party, or an officer, director, partner, attorney, employee or agent of the Producing Party;

(d) copying or imaging services, court reporters, or Professional Vendors associated with or retained by a Party in connection with this Action;

(e) Experts (as defined in this Order) of the Receiving Party and their staff with whom counsel may deem it necessary to consult for the preparation for trial of this Action, and who have signed the "Acknowledgment and Agreement to Be Bound by Protective Order" (Exhibit A) prior to receiving any Protected Material;

(f) the Court and its personnel, subject to a Motion for Impoundment filed pursuant to paragraph 6.3 of this Protective Order.

**7.3** A Receiving Party may not reveal or discuss Protected Material to or with any person not entitled to receive such information under paragraph 5 of this Protective Order.

**7.4** In the event Protected Material is inadvertently disclosed to a third party other than those identified in paragraph 7.2 of this Protective Order, such disclosure shall be reported in writing to the Producing Party within five (5) business days of the discovery of such disclosure. Counsel for the Party who made the disclosure must make all reasonable efforts to retrieve the Confidential Information and/or to confirm that all copies of the Confidential Information in the third party's possession have been destroyed.

**7.5** **<u>Limitations on Use of "CONFIDENTIAL" Information</u>.** A Receiving Party, including, his, her or its Counsel, receiving "CONFIDENTIAL" Information shall use them (and any information derived from them) solely for purposes of this litigation and/or in any settlement negotiations between the Parties with respect to this litigation; and shall not use them for any other purpose, including, without limitation, (a) in connection with any other present or future disputes, proceedings or litigation (including, without limitation, any lawsuit against Bank of America, N.A. or Bank of America Corporation (or any of its current or former affiliated entities under Bank of America Corporation)); (b) to prosecute, amend and/or conduct discovery in any other present or future litigation or lawsuit against Bank of America, N.A. or Bank of America Corporation (or any of its current or former affiliated entities under Bank of America Corporation) involving any of Plaintiff's counsel or their respective firms;

and/or (c) to contact absent class members absent a Court order permitting such contact, or until a class is certified. Nothing in this section shall be construed to limit Counsel's ability to communicate with any named plaintiff or with current or former borrowers who contact Plaintiff's Counsel, or to receive any information from such current or former borrowers who contact Plaintiff's Counsel.

## 8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Receiving Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" the Receiving Party must:

(a) promptly notify in writing the Designating Party and in no event no more than three (3) court days after receiving the subpoena or order. Such notification shall include a copy of the subpoena, court order, or other form of request;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Protective Order; and

(c) immediately inform the third party who served the subpoena, court order, or request that the information sought is subject to this Protective Order;

(d) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this Action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions

11

should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

## 9. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a) The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of the Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non-Party.

(c) If the Non-Party fails to object or seek a protective order from this Court within fourteen (14) days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.

Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

### 10. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A.

### 11. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

If a Party inadvertently produces information that it later discovers, or in good faith later asserts, to be subject to any legal privileges or immunity, including but not limited to, the attorney-client privilege or work product doctrine, information prohibited from disclosure pursuant to 31 U.S.C. § 5318 and enabling regulations including 31 C.F.R. § 1020.320, 12 C.F.R. § 21.11, and 12 CFR § 563.180, or is otherwise protected from disclosure, the production of that information will not be presumed to constitute a waiver of any applicable privileges or other protections.  In these circumstances, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  The Producing Party must immediately notify all parties in writing of the inadvertent production and the basis for the claim of privilege or other protection from production, and request in writing the return or confirmed destruction of the privileged or protected information.  Immediately upon receiving such notice, the Receiving Party or Parties shall make no further use of the

1 alleged privileged documents, and shall immediately segregate them in a manner that
2 will prevent further disclosure or dissemination or their contents.  Within five (5)
3 business days of receiving such notice, the Receiving Party shall return to the
4 Producing Party such material and all copies thereof, provided that the Receiving
5 Party may thereafter move the Court for an order that the material in question is not
6 protected from discovery by the asserted privilege or immunity.

8 **12.   MISCELLANEOUS**
9     **12.1   Right to Further Relief.**  Nothing in this Order abridges the right of any
10 person to seek its modification by the court in the future.
11     **12.2   Right to Assert Other Objections.**  By stipulating to the entry of this
12 Protective Order no Party waives any right it otherwise would have to object to
13 disclosing or producing any information or item on any ground not addressed in this
14 Protective Order.  Similarly, no Party waives any right to object on any ground to use
15 in evidence of any of the material covered by this Protective Order.
16     **12.3   Filing Protected Material.**  Documents may not be filed under seal
17 automatically and under seal filings must comply with Local Rule 79-5.  In the event
18 that any Protected Material is included with, or the contents thereof are in any way
19 disclosed, in any pleading, motion, or other paper filed with the Clerk of this Court,
20 the filing Party shall move to have such pleading, motion, or other paper impounded
21 by the Clerk pursuant to the terms and requirements of Local Rule 79-5.  Any
22 Protected Material contained in documents thereby impounded shall be held *in*
23 *camera* unless the Court orders otherwise, upon good cause shown.  If a Party does
24 file such evidence under seal, all papers that refer to or rely upon such evidence shall
25 designate the particular aspects that are confidential.
26     **12.4   No Modification of Privileges.**  Nothing in this Protective Order shall
27 modify the law regarding the attorney-client privilege, the attorney work-product
28

privilege, the joint defense privilege, and any other applicable privilege or reason for non-disclosure with respect to trade secrets or other Confidential Information.

**12.5   Agreements and Local State and Federal Law Regarding "Confidential Information."**  No Party may be deemed to violate any federal, state or local laws or agreements governing the disclosure of confidential, personal or proprietary information by producing any such information in this litigation, and compliance with this Order.

## 13.   FINAL DISPOSITION

Unless otherwise ordered or agreed-to in writing by the Producing Party, within sixty (60) days after the final disposition of this Action, as defined in Section 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty (60) day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed, and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

Dated:  January 7, 2015          Respectfully submitted,

By:  /s/ *Laura A. Stoll*
Laura A. Stoll
*lstoll@goodwinprocter.com*
**GOODWIN PROCTER LLP**

*Attorneys for Defendant*
**BANK OF AMERICA, N.A.**

Dated:  January 7, 2015          By:  /s/ *Daniel J. Mulligan* (with permission)
Daniel J. Mulligan
*dan@jmglawoffices.com*
**JENKINS MULLIGAN & GABRIEL LLP**

Dated:  January 7, 2015          By:  /s/ *Eric Andrew Mercer* (with permission)
Eric Andrew Mercer
*mercerlegal@me.com*
**LAW OFFICE OF ERIC ANDREW MERCER**

*Attorneys for Plaintiff*
**FLINT W. MURFITT,** and the putative class

**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED**.

Dated: January 20, 2015

UNITED STATES MAGISTRATE JUDGE

# EXHIBIT A
# ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND
# BY PROTECTIVE ORDER

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order ("Protective Order") that was issued by the United States District Court for the Central District of California on _____ [date] in the case of *Murfitt v. Bank of America, N.A., et al.*, Case No. 5:13-cv-01182-JGB (SPx).  I agree to comply with and to be bound by all the terms of this Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Protective Order.

I further agree that promptly upon termination of this Action, I will return all "CONFIDENTIAL" documents and information to counsel for the party by whom I am employed or retained.

I hereby submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Protective Order.

Dated: _____

1

ACKNOWLEDGEMENT AND AGREEMENT            Case No. 5:13-cv-01182-JGB (SPx)
TO BE BOUND BY PROTECTIVE ORDER

|    |                                                                    |
|----|--------------------------------------------------------------------|
| 1  | City and State where sworn and signed: _____ |
| 2  |                                                                    |
| 3  | Printed name: _____                      |
| 4  |                                                                    |
| 5  | Signature:   _____                       |
| 6  |                                                                    |
| 7  |                                                                    |
| 8  |                                                                    |
| 9  |                                                                    |
| 10 |                                                                    |
| 11 |                                                                    |
| 12 |                                                                    |
| 13 |                                                                    |
| 14 |                                                                    |
| 15 |                                                                    |
| 16 |                                                                    |
| 17 |                                                                    |
| 18 |                                                                    |
| 19 |                                                                    |
| 20 |                                                                    |
| 21 |                                                                    |
| 22 |                                                                    |
| 23 |                                                                    |
| 24 |                                                                    |
| 25 |                                                                    |
| 26 |                                                                    |
| 27 |                                                                    |
| 28 |                                                                    |